UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZION ALEXANDER,

                    Plaintiff,

-against-

THE CITY OF NEW YORK CITY; R.L. WILLIAMS, M.D.,

                    Defendants.

1:24-CV-8084 (AS)

ORDER OF SERVICE

---

ARUN SUBRAMANIAN, United States District Judge:

      Plaintiff Zion Alexander, who is currently held in the George R. Vierno Center ("GRVC") on Rikers Island, brings this action *pro se* under 42 U.S.C. § 1983. The Court understands Plaintiff's complaint as also asserting claims under state law. Plaintiff sues: (1) the City of New York; and (2) Rhodina Lynn Williams, M.D., a physician employed at the GRVC. The Court construes Plaintiff's complaint as asserting claims against Williams, the City of New York, and also against two identified GRVC Correction Officers mentioned in the complaint's statement of claim (Reynolds and Kowonda), as well as against Physician Affiliate Group of New York, P.C. ("PAGNY"), which appears to be Williams's employer.

      By order dated October 30, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court: (1) adds Reynolds, Kowonda, and PAGNY as defendants in this action, pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"); (2) requests that Reynolds, Kowonda, and the City of New York waive service of summonses; and (3) directs service on Williams and PAGNY.

## DISCUSSION

**A.    Adding Reynolds, Kowonda, and PAGNY as defendants**

      Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019). A court may also add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to so. *See Fullewellen v. City of New York*, 2021 WL

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures C.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

In his complaint, Plaintiff refers to Correction Officers Reynolds and Kowonda as being involved in the events alleged in complaint. It also appears that, in naming the City of New York as a defendant, Plaintiff may have intended to assert claims against Williams's employer, and assumed, though incorrectly, that, like Reynolds and Kowonda, Williams is employed by the City of New York instead of PAGNY. In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's complaint as additionally asserting claims against Reynolds, Kowonda, and PAGNY. Accordingly, the Court directs the Clerk of Court to add Reynolds, Kowonda, and PAGNY as defendants in this action, under Rule 21. These additions of defendants are without prejudice to any defenses Reynolds, Kowonda, and/or PAGNY may wish to assert.

**B.     Reynolds, Kowonda, and the City of New York**

The Court directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Reynolds, Kowonda, and the City of New York waive service of summonses.

**C.     Service on Williams and PAGNY**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Williams and PAGNY, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue a summons for each of those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and complaint on each of those defendants.

If a summons and the complaint is not served on each of those defendants within 90 days after the date that the summonses for those defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to add Correction Officer Reynolds, Correction Officer Kowonda, and Physician Affiliate Group of New York, P.C., as defendants in this action. *See* Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Reynolds (a Correction Officer on duty in the GRVC on September 20, 2024), Kowonda (a Correction Officer on duty in the GRVC on September 22, 2024), and the City of New York waive service of summonses.

The Court additionally directs the Clerk of Court to: (1) issue summonses for Rhodina Lynn Williams, M.D., and Physician Affiliate Group of New York, P.C.; (2) complete a USM-285 form with the service address for each of those defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint on each of those defendants to the USMS.

SO ORDERED.

Dated:   December 5, 2024
         New York, New York

                                                 _____
                                                 ARUN SUBRAMANIAN
                                                 United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Rhodina Lynn Williams, M.D.
   c/o Gwendolyn Renee Tarver
   PAGNY – Correctional Health Services
   49-04 19th Avenue
   1st Floor
   Astoria, New York 11105

2. Physician Affiliate Group of New York, P.C.
   c/o Gwendolyn Renee Tarver
   PAGNY – Correctional Health Services
   49-04 19th Avenue
   1st Floor
   Astoria, New York 11105