

**THE CITY OF NEW YORK**

STEVEN BANKS
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**ODALMY RUIZ**
*Assistant Corporation Counsel*
odaruiz@law.nyc.gov
Phone:  (212) 356-5053

March 17, 2026

**BY MAIL/ECF**
Zion Alexander
DIN 25R4016
Ulster Correctional Facility
750 Berme Rd,
Napanoch, NY 12458

Re: <u>Zion Alexander v. City of New York, et al.</u>
    24 CV 8084 (AS)

Good afternoon,

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Dr. Rhodina L. Williams ("Defendant") in the above-referenced action. I write in response to your discovery request submission styled as "Plaintiff's List for Discovery To Be Subpoenaed and Turnover" filed on February 26, 2026. (ECF No. 49, pp. 7).

In your submission, you request the following items: (1) body-worn camera footage from Officer Kouanda; (2) video footage from 13A GRVC for the date identified in the original complaint; (3) a copy of your original complaint; (4) statements from witnesses identified in the original complaint; and (5) appointment of a pro bono trial attorney.

With respect to your requests for body-worn camera footage from Officer Kouanda and video footage from 13A GRVC for the date identified in the original complaint, Defendant is unable to produce such materials because neither footage exists at this time for the following reasons. For the housing area footage: (1) no housing footage preservation requests were made within 90-day retention period as by the time Defendant was served, it was over the 90-day period of preservation; and (2) even if the Genetec footage had existed at the time, it would not have been automatically preserved under policy, because the interaction at issue does not fall within the circumstances that trigger automatic preservation. Housing footage that is not preserved is automatically overwritten by Genetec's automatic functions every 90 days. Furthermore, pertaining to the body worn camera (BWC) footage, there are no responsive documents to your request. Even assuming *arguendo* that a BWC had been available, the interaction at issue was not of the type that would have triggered activation under policy. Additionally, any such footage would also be subject to the standard 90-day retention policy similarly to that of the housing genetic

1

2

footage. Accordingly, Defendant cannot produce any such footage, as to the extent it existed, as it would have been handled in accordance with applicable retention policies.

As to your request for "statements from witnesses identified in your original complaint," Defendants state that there are no responsive documents to your request.

Lastly, please find enclosed a copy of your original complaint, as requested.

Thank you,

/s/ *Odalmy Ruiz*
Odalmy Ruiz
Assistant Corporation Counsel
Special Federal Litigation Division

2