UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Zion Alexander,

                             Plaintiff,

          -against-

R.L. Williams, M.D.,

                             Defendant.

24-CV-8084 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

On behalf of the defendant, the Corporation Counsel submitted a letter purporting to justify its failure to preserve any footage from a body-worn camera and other sources. Dkt. 52. That letter is improper for several reasons.

First, the letter was filed several days after the Court's deadline. The letter was due on March 13, 2026, but it was not filed until March 17, 2026. Counsel neither sought an extension of the deadline nor justified its failure to submit the letter in a timely fashion. Defendant's counsel's unexcused tardiness is especially glaring because the letter purports to fault plaintiff for his failure to submit a timely request.

Second, the Corporation Counsel appears to justify the spoliation of evidence in violation of the Federal Rules of Civil Procedure. Counsel is required to take steps to retain evidence when it reasonably expects litigation. "It is, of course, settled law that, '[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a litigation hold.'" *GenOn Mid-Atl., LLC v. Stone & Webster, Inc.*, 2011 WL 5439046, at *5 (S.D.N.Y. Nov. 10, 2011). At the very least, the New York City Law Department certainly would have expected litigation on the date that they were notified about the action—December 5, 2024. Dkt. 7.

Counsel's letter purports to justify the destruction of any footage because internal regulations required their maintenance for only 90 days. Dkt. 52. But given that plaintiff's complaint specified that the alleged incident happened on September 20, 2024, Dkt. 1 at 4, any footage should have been preserved at the time the City was notified of the action—and perhaps earlier, depending on when it should have expected litigation.

In short, it appears that the City (1) ignored a Court deadline and (2) potentially destroyed critical video evidence. Defendant's counsel is ORDERED to submit a letter within seven days explaining (1) why the Court should not issue sanctions for failure to comply with Court deadlines and discovery obligations; (2) what efforts the Corporation Counsel will undertake to try to resurrect any deleted footage or to locate any copies of the footage; and (3) what alternate sources of evidence the Corporation Counsel can supply to plaintiff.

The Corporation Counsel appears to be not taking this case seriously, perhaps on account of plaintiff's pro se status or its perceived frivolousness. Its motion to dismiss briefing contained meritless arguments including pointing to the lack of evidence attached to the complaint. The Corporation Counsel is warned that the Court will consider appropriate sanctions should it continue to fail to take its obligations seriously.

SO ORDERED.

Dated: March 18, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2